UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-02769 (UNA) |
| | ) |
| DAVID BYWATER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will grant Plaintiff's IFP application, and for the reasons explained below, it will dismiss this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues David Bywater, who is apparently associated with Vivint, a home security company. ECF No. 1. The complaint is far from a model of clarity. Plaintiff appears to allege that either Bywater, Vivint, or both have accepted bribes and, in exchange, have allowed unidentified individuals to gain access to her residence. *Id.* From there, the allegations become even more difficult to discern. Plaintiff contends that Vivint is "spying" on her, and she indicates that it has "numerous agenc[ies] involved[,] . . . all of which have no rights." *Id.* She alleges that she has "walked in on people," presumably in her home, and that Vivint has "blocked [her] phone while people are there[,] [and] when they leave [it] allow[s] [her] phone [ac]cess." *Id.* She demands $25 billion in damages and asks the Court to initiate a "federal investigation" into her claims. *Id.*

First, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "(1) a short and plain statement of the grounds for the court's

jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (cleaned up), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). The instant complaint falls squarely within this category.

Second, even if Plaintiff had stated an intelligible claim, she may not initiate criminal proceedings by filing a complaint with this Court because the Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor may Plaintiff compel an investigation by any law enforcement agency by filing a complaint. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: November 22, 2023

/s/_____
ANA C. REYES
United States District Judge